# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**ROBERTO LOPEZ,** individually and on behalf of all others similarly situated,
Appellant,

v.

**TROPICAL FINANCIAL CREDIT UNION; CMFG LIFE INSURANCE COMPANY;** and **CUMIS INSURANCE SOCIETY, INC.,**
Appellees.

No. 4D19-884

[December 18, 2019]

Appeal of a nonfinal order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Meenu Sasser, Judge; L.T. Case No. 50-2013-CA-012862-XXXX-MB.

Philip M. Burlington and Jeffrey V. Mansell of Burlington & Rockenbach, P.A., West Palm Beach, and Jeffrey M. Liggio of Liggio Law, West Palm Beach, for appellant.

Michael Jay Rune II and Dana Chaaban of Carlton Fields, P.A., Miami, for appellee Tropical Financial Credit Union; and Roland C. Goss of Drinker Biddle & Reath LLP, Washington, DC, for appellees CMFG Life Insurance Company and CUMIS Insurance Society, Inc.

PER CURIAM.

Because we believe the appellant has failed to demonstrate that the circuit court abused its discretion in this case by denying his motion for class action certification, we affirm. The trial court conducted the required rigorous analysis and we find that the trial court's factual determinations are supported by competent substantial evidence and the legal rulings are not erroneous.

*Affirmed.*

CIKLIN and KUNTZ, JJ., concur.
WARNER, J., dissents with opinion.

WARNER, J., dissenting.

This is an appeal of an order denying class certification in a suit involving the force-placement of insurance under vehicle installment contracts. The litigation below arose from appellant's purchase of a used vehicle under an installment contract, in which he obtained insurance through a GEICO agent at the dealership. He alleged that after installment payments were completed and he requested title, he was charged an additional $12,314.59 for forced-placed insurance. He filed suit against the appellees and sought class action status on behalf of himself and others similarly-situated. The trial court ruled that, for purposes of class certification, appellant had demonstrated standing and had satisfied the numerosity, commonality, typicality and adequacy prerequisites for class actions under Florida Rule of Civil Procedure 1.220(a). However, the court also ruled that appellant had not sufficiently established that his claims for declaratory or injunctive relief were entitled to class certification under rule 1.220(b)(2). Nor had he established the predominance or superiority requirement for class action certification under rule 1.220(b)(3).

As to the denial of class action status based upon rule 1.220(b)(2), I would reverse. *See Allison v. Citgo Petroleum Corp.*, 151 F. 3d 402, 415 (5th Cir. 1998) (discussing the comparable federal rule holding that incidental damages do not prevent class action relief in declaratory judgment or injunction cases, as such damages are those which flow directly from liability to the class as a whole and are "concomitant with, not merely consequential to, class-wide injunctive or declaratory relief.").

As to denial of certification pursuant to rule 1.220(b)(3), I would also reverse. *See Porsche Cars N. Am. Inc. v. Diamond*, 140 So. 3d 1090, 1096 (Fla. 3d DCA 2014) (finding that common issues predominate over individual issues in a class action where "proof offered by the class representative will necessarily prove or disprove the cases of the absent class members."). *See also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) ("What matters to class certification . . . is not the raising of common 'questions' . . . but rather, the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation.") (emphasis in original) (citation omitted); *Sosa v. Safeway Premium Fin. Co.*, 73 So. 3d 91 (Fla. 2011) (Individual issues raised by defenses regarding damages do not prevent class certification.).

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***